NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DECOZEN CHRYSLER JEEP CORP., <br> Plaintiff, <br> v. <br> FIAT CHRYSLER AUTOMOBILES, LLC, <br> Defendants. | Civil Action No.: 22-0068 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of defendant Fiat Chrysler Automobiles, LLC's ("FCA" or "Defendant") motion to dismiss (ECF No. 17) plaintiff DeCozen Chrysler Jeep Corp.'s ("DeCozen" or "Plaintiff") Complaint (ECF No.1 ("Compl.")) under 12(b)(1) and 12(b)(6). Plaintiff filed an opposition (ECF No. 25), and Defendant replied (ECF No. 28). The Court decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion to dismiss is granted, and Plaintiff's Complaint is dismissed without prejudice.

**I.  BACKGROUND[1]**

Defendant sells, markets and distributes Chrysler, Jeep, Dodge, and Ram ("CJDR") vehicles throughout the United States. Compl. ¶ 10. Plaintiff operates a CJDR automotive dealership in Verona, New Jersey. *Id.* ¶ 2. The parties operate under various agreements (the "Dealer Agreements") whereby, among other things, Defendant agreed to supply Plaintiff with CJDR vehicles and Plaintiff agreed to sell and service those vehicles and other products. *Id.* The parties agree this constitutes a franchise relationship under New Jersey state law.

Plaintiff contends that during the course of their relationship, Defendant has taken various actions that are either unlawful by statute or in breach of the Dealer Agreements (or failed to take

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

required action). For example. Defendant assigns each dealer within its network a Minimum Sales Responsibility ("MSR"), which is a metric to determine the number of sales it expects from its dealers and therefore their effectiveness. *See id*. ¶¶ 46-59. Plaintiff asserts that this metric is unreasonable. Plaintiff also takes issue with Defendant's purported failure to provide it with sufficient inventory. *Id.* ¶¶ 60-63, 94-100. Plaintiff further complains of Defendant's failure to enforce its Dealer Agreements with other CJDR dealers, including its failure to enforce "website guidance with multi-location dealerships and their website advertising practices" (*id.* ¶ 104) and allowing other dealerships to "use non-franchised automobile brokers [to] sell FCA motor vehicles directly to consumers (*id.* ¶¶ 112-118).

As a result of this conduct, Plaintiff initiated this action before this Court on January 6, 2022, asserting violations of the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-16 *et seq*. (Count One); breach of contract under New Jersey state law (Count Four); violations of the Automobile Dealers' Day in Court Act ("ADDCA"), 15 U.S.C. § 1221 *et seq*. (Count Five); breach of implied covenant of good faith and fair dealing under New Jersey state law (Count Six); and seeking declaratory judgments under 28 U.S.C. § 2201 and N.J.S.A. § 2A:16-51 (Counts Two and Three). On April 8, 2022 Defendant filed its motion to dismiss to dismiss. ECF No. 17; *see also* ECF No. 18 ("Def. Br."). Thereafter, Plaintiff filed an opposition (ECF No. 25 ("Pl. Br.")), to which Defendant replied on June 10, 2022 (ECF No. 28 ("Def. Reply Br.")).

II. **LEGAL STANDARD**

   A. **Fed. R. Civ. P. 12(b)(1)**

A court on the motion of a party or *sua sponte* must dismiss a claim under Rule 12(b)(1) where it lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Generally, "the plaintiff bears the burden of

proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Further, when addressing subject matter jurisdiction, the court looks only at the allegations in the pleadings and does so in the light most favorable to the non-moving party. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007).

### B. Fed. R. Civ. P. 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### III. DISCUSSION

The Court finds, as explained further below, that Plaintiff's ADDCA claim fails to sufficiently plead allegations amounting to a violation of the ADDCA. In addition, the Complaint fails to adequately allege diversity jurisdiction. Accordingly, because the Court dismisses the claim over which it has original federal question jurisdiction (namely the ADDCA claim) and cannot

determine if it has diversity jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims.

      A.      **Automobile Dealers' Day in Court Act (Count Five)**

The ADDCA provides a cause of action for automobile dealers to "bring suit against any automobile manufacturer engaged in commerce ... by reason of the failure of said automobile manufacturer ... to act in good faith in performing or complying with any of the terms or provisions of the franchise. . . ." *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001) (citing 15 U.S.C. § 1222). The ADDCA expressly defines "good faith" as:

> the duty of each party to any franchise, and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party: *Provided*, That recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute a lack of good faith.

15 U.S.C. § 1221 (emphasis in original). The Third Circuit has expanded on the coercion, intimidation, or threats that constitute a failure of good faith. For example, the Third Circuit has long held that the touchpoint of an ADDCA bad faith claim is a "wrongful demand which will result in sanctions if not complied with." *Buono Sales, Inc. v. Chrysler Motors Corp.,* 449 F.2d 715, 724 (3d Cir. 1971); *see also Cutrone v. Daimler-Chrysler Motors Co., LLC*, 160 F. App'x 215, 218 (3d Cir. 2005) ("The type of coercion or intimidation rendered actionable under the ADDCA occurs only when the automobile manufacturer makes a wrongful demand which will result in sanctions if not complied with.") (internal quotation omitted). Essentially, in passing the ADDCA "Congress was really trying to reach border-line antitrust violations." *Buono Sales*, 449 F.2d at 724. Accordingly, to state an ADDCA claim "the dealer must show more than that the manufacturer was unfair;" there must be an actual demand made on the dealer and a threat of

sanctions. *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, No. 98-112, 1999 WL 33483564, at *7 (D.N.J. Jan. 13, 1999).

Here, Plaintiff argues that "FCA acted in a coercive or intimidating manner by failing to provide DeCozen with a sufficient inventory of motor vehicles, directing DeCozen's customers to competitor dealers, and by failing to supervise and monitor its dealer network." Pl. Br. at 32. This conduct, however, does not amount to a "wrongful demand" that would "result in sanctions if not complied with." *Cutrone*, 160 F. App'x at 218. In fact, the Complaint does not allege any demand made by Defendant—wrongful or not. Besides allegations of a failure to provide sufficient inventory (which Plaintiff elsewhere asserts is based on a one-new-vehicle-for-every-three-sold formula, *see* Compl. ¶ 97), this conduct relates solely to third parties. And even assuming this conduct could be deemed unfair, "unfairness [is] a far cry from the basis for a claim under the ADDCA." *Id.* at 218.

Plaintiff relies on *Ferrari N.A., Inc. v. St. Louis Motorsports, LLC*, No. 11-4487, 2012 WL 609381 (D.N.J. Feb. 24, 2012), for a broader interpretation of what constitutes good faith. *See* Pl. Br. at 33. This reliance is misplaced. *Ferrari* did not address the merits of an ADDCA claim or apply the good faith language. Rather, it hinged on whether, as a jurisdictional matter, the ADDCA claim at issue was indeed an Article III genuine controversy ripe for adjudication in federal court. *Id.* at *8. In any event, as described above, Plaintiff has not pointed to "any of the terms or provisions of the franchise"—the language in *Ferrari* upon which Plaintiff relies—that Defendant has not performed in good faith. *Id.* at *7. Accordingly, Plaintiff has not sufficiently pleaded conduct demonstrating Defendant's failure "to act in good faith in performing or complying with any of the terms or provisions of the franchise." *Id.* Therefore, Count Five is dismissed without prejudice.

5

### B.     Diversity & Supplemental Jurisdiction

Having dismissed the only federal cause of action in the Complaint, the Court reasseses whether it has subject matter jurisdiction.[2] *See Hollingsworth v. Perry,* 570 U.S. 693, 704-05 (2013). "[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 267 (3d Cir. 2016) (citing *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 501 (2006).

The Complaint asserts diversity jurisdiction. *See* Compl. ¶ 17 ("This Court has subject matter jurisdiction over the claims in this action under 28 U.S.C.§ 1332, *et seq.* because DeCozen is a New Jersey corporation and FCA is a Delaware LLC with its principal offices in Auburn Hills, Michigan."). It makes no reference, however, to the amount-in-controversy requirement. 28 U.S.C. § 1332(a). A complaint asserting diversity jurisdiction "is fatally defective unless it contains a proper allegation of the amount in controversy." *Schlesinger v. Councilman*, 420 U.S. 738, 745 (1975); *see also Shah v. Vora*, No. 09-1294, 2010 WL 1076244, at *1 (D.N.J. Mar. 23, 2010) ("Plaintiff has not plead diversity jurisdiction, as she has not stated a particular amount in controversy.") Moreover, the Complaint references "economic loss" (¶ 129), "substantial economic deprivation" (¶ 130), "economic harm" (¶ 136(f)), and "substantial economic injury" (¶ 155), but does not describe such loss in any way that would permit the Court to infer the amount-in-controversy is met. *See Fid. & Cas. Co. of New York v. First Nat. Bank in Ft. Lee*, 397 F. Supp. 587, 591 (D.N.J. 1975). Accordingly, Plaintiff has insufficiently pleaded diversity jurisdiction.[3]

---

[2] Plaintiff also seeks a declaratory judgment under 28 U.S.C. § 2201. "The Declaratory Judgment Act does not, however, provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017).
[3] Defendant also asserts that "Plaintiff's Complaint fails to properly allege the citizenship of FCA, and therefore fails to allege the Court's subject matter jurisdiction in this case." Def. Br. at 2.

The remaining claims in the Complaint assert violation of the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-16 *et seq.* (Count One), declaratory judgment under N.J.S.A. § 2A:16-51 *et seq.* (Count Two), breach of contract under New Jersey state law (Count Four), and breach of implied covenant of good faith and fair dealing under New Jersey state law (Count Six). Where a "district court has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c). Here, the Court does not have original jurisdiction through diversity or by a federal question and thus declines to exercise supplemental jurisdiction over the state law claims asserted in Counts One, Two, Four, and Six. *Bonanni v. Purdy et al.*, No. 13-6212, 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction") (citations and quotations omitted). In addition, as discussed above, Plaintiff's claim for a declaratory judgment under 28 U.S.C. § 2201 (Count Three) does not provide an independent basis for subject-matter jurisdiction and thus must also be dismissed. *See Allen*, 861 F.3d at 444.

IV. **CONCLUSION**

Accordingly, for the reasons stated above, **IT IS** on this 21st day of November, 2022;

**ORDERED** that Defendant's motion to dismiss (ECF No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that to the extent that Plaintiff is able to cure the pleading deficiencies identified herein it shall have thirty (30) days from the date of this Order to file an amended complaint; and it is further

7

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint that comports with this Opinion and Order, the Clerk of the Court shall re-open this matter at that time.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
