NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DECOZEN CHRYSLER JEEP CORP.,<br>　　　　Plaintiff,<br>v.<br>FIAT CHRYSLER AUTOMOBILES, LLC,<br>　　　　Defendant. | Civil Action No.: 22-0068<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant FCA US LLC's[1] ("FCA" or "Defendant") motion to dismiss (ECF No. 33; *see also* ECF No. 34, "Def. Br.") plaintiff DeCozen Chrysler Jeep Corp.'s ("DeCozen" or "Plaintiff") First Amended Complaint (ECF No. 30, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (ECF No. 35, "Opp."), and Defendant replied (ECF No. 36, "Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss is granted, and Plaintiff's FAC is dismissed without prejudice.

**I.　BACKGROUND**[2]

Defendant sells, markets, and distributes Chrysler, Jeep, Dodge, and Ram ("CJDR") vehicles throughout the United States. FAC ¶ 10. Plaintiff operates a CJDR automotive dealership in Verona, New Jersey. *Id.* ¶ 2. The parties operate under various agreements (the "Dealer Agreements") whereby, among other things, Plaintiff agrees to sell and service CJDR vehicles and other products. *Id.* The parties agree this constitutes a franchise relationship under New Jersey state law. *Id.* ¶ 3; Def. Br. at 3–4.

---

[1] Defendant is incorrectly named in the First Amended Complaint as Fiat Chrysler Automobiles US, LLC.
[2] The following facts are accepted as true for the purposes of the motion to dismiss.

Plaintiff contends that during their relationship, Defendant's various actions and inactions violated state and federal law and breached the Dealer Agreements. For example, Defendant assigns each dealer within its network a Minimum Sales Responsibility ("MSR"), which is a metric to determine the number of sales it expects from its dealers and therefore their effectiveness. *See id*. ¶¶ 46–59. Plaintiff asserts that this metric is unreasonable. *Id.* ¶ 59. Plaintiff also takes issue with Defendant's purported failure to provide it with sufficient inventory. *Id.* ¶¶ 60–64. Specifically, Plaintiff alleges a scheme by which Defendant permits other dealers to fraudulently order vehicles under the pretense that they have already sold the vehicle. *Id.* ¶¶ 67–83. Plaintiff further complains of Defendant's failure to enforce its Dealer Agreements with other CJDR dealers, including its failure to enforce "website guidance with multi-location dealerships and their website advertising practices" (*id.* ¶ 123) and by allowing other dealerships to "use non-franchised automobile brokers [to] sell FCA motor vehicles directly to consumers (*id.* ¶¶ 131–140).

On November 21, 2022, the Court granted Defendant's motion to dismiss Plaintiff's original complaint without prejudice. ECF No. 29. On December 23, 2022, Plaintiff filed a First Amended Complaint, asserting violations of the New Jersey Franchise Practices Act ("NJFPA"), N.J.S.A. § 56:10-16 *et seq.* (Count One); breach of contract under New Jersey state law (Count Four); violations of the Automobile Dealers' Day in Court Act ("ADDCA"), 15 U.S.C. § 1221 *et seq.* (Count Five); breach of implied covenant of good faith and fair dealing under New Jersey state law (Count Six); and seeking declaratory judgments under 28 U.S.C. § 2201 and N.J.S.A. § 2A:16-51 (Counts Two and Three).

II.   **LEGAL STANDARD**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### III. DISCUSSION

#### A. New Jersey Franchise Practices Act (NJFPA)

Plaintiff alleges three categories of NJFPA violations: (1) Defendant's standards of performance are "unreasonable" in violation of N.J.S.A. § 56:10-7(e) and § 56-7.4(a); (2) Defendant's performance metrics use "arbitrary or unreasonable formula[s]" in violation of N.J.S.A. § 56:10-7.4(d); and (3) Defendant's conduct and "conscious disregard[]" for other dealers' behavior violates the NJFPA generally.

First, Plaintiff fails to adequately plead a violation of N.J.S.A. § 56:10-7(e) or § 56-7.4(a). The NJFPA creates a cause of action for franchisees "to recover damages sustained by reason of any violation of this act." N.J.S.A. § 56:10-10.[3] N.J.S.A. § 56:10-7(e) prohibits franchisors from "impos[ing] unreasonable standards of performance upon a franchise." N.J.S.A. §§ 56:10-7(e); *see also id.* § 56-7.4(a). Plaintiff alleges that Defendant's performance standards, including the MSR, are unreasonable because Defendant does not provide Plaintiff with sufficient inventory to

---

[3] The NFJPA also provides injunctive relief as a remedy "where appropriate." N.J.S.A. § 56:10-10.

meet the standards. FAC ¶¶ 60–64, 67–68, 116. But Plaintiff fails to explain how the allegedly unreasonable standards caused it injury. Instead, Plaintiff states that its damages are due to Defendant's "failure" to supply Plaintiff with "adequate vehicle inventory." *Id.* ¶¶ 64–65. The FAC does not attribute damages to the unreasonable performance standards.

Although Plaintiff generally explains that the performance metrics are "used by [Defendant] to measure dealers for the purpose of incentives and bonuses," the FAC does not allege that Plaintiff itself was deprived of incentives or bonuses. *Id.* ¶ 56. In fact, the FAC never addresses whether Plaintiff met or failed to meet the performance standards. Without allegations that Plaintiff suffered some injury "by reason of" Defendant's "unreasonable standards of performance," Plaintiff does not state a claim for violation of N.J.S.A. § 56:10-7(e) or § 56-7.4(a).[4] N.J.S.A. § 56:10-10.

Second, Plaintiff does not sufficiently plead a violation of N.J.S.A. § 56:10-7.4(d). The NJFPA prohibits franchisors from "utiliz[ing] an arbitrary or unreasonable formula or other calculation or process intended to gauge performance as a basis for making any decision or taking any action governed by [the statute]." N.J.S.A. § 56:10-7.4(d). Plaintiff alleges that the MSR formula "lack[s] any sound or tested statistical reliability or validity." FAC ¶ 57. Beyond this conclusory statement, the FAC does not explain what makes the MSR calculation "arbitrary" or "unreasonable."[5] Furthermore, even if Plaintiff adequately alleged that the formula is arbitrary or

---

[4] To the extent Plaintiff attempts to supplement its NJFPA allegations in its Opposition, the Court notes that a "complaint may not be amended by the briefs in opposition to a motion to dismiss" and does not consider such supplemental allegations here. *Palazzi v. Cigna Health & Life Ins. Co.*, No. 23-6278, 2024 WL 3361615, at *1, n.2 (D.N.J. July 8, 2024) (quoting *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

[5] Plaintiff's Opposition (ECF No. 35) discusses two administrative decisions that are critical of Defendant's MSR metric and attaches the decisions as exhibits. Opp. at 9–10; ECF Nos. 35-2, 35-3. The Court does not consider the additional allegations contained in Plaintiff's Opposition or the exhibits attached thereto because a plaintiff's "complaint may not be amended by the briefs in

unreasonable, its claim still fails for the same reason as its claim based on N.J.S.A. § 56:10-7(e) and § 56-7.4(a): Plaintiff does not explain how the allegedly unlawful formula caused it injury.

Third, Plaintiff's allegations that certain conduct violates the NJFPA generally, without pointing to specific provisions or providing elaboration, fail to state a cognizable claim. Plaintiff alleges that Defendant "is violating the NJFPA" in two ways: (1) "by consciously disregarding the harm being caused to its dealer network and DeCozen, by other dealers' advertising methods and their use of sales brokers;" and (2) by "favoring nearby dealers of DeCozen for the provision of FCA motor vehicle inventory." FAC ¶¶ 146–47. The FAC does not specify which sections of the NJFPA are being violated. *See Khorchid v. 7-Eleven, Inc.*, No. 18-8525, 2018 WL 5149643, at *11 (D.N.J. Oct. 22, 2018) (dismissing NJFPA claims because plaintiff's complaint "does not cite to a certain statutory provision that has been violated within the [NJFPA]."). Claims that do not provide "clarity as to how [a] defendant's conduct violated . . . the listed statutes or how any particular statute provides Plaintiff with an actual cause of action" do not satisfy the Rule 8 pleading standard. *Pushkin v. Nussbaum*, No. 12-0324, 2014 WL 4543069, at *5 (D.N.J. Sept. 11, 2014). For these reasons, Count One is dismissed.

### B. Breach of Contract

Plaintiff alleges that Defendant breached the "Dealer Agreements, and other agreements, that outline the rights and obligations of both parties." FAC ¶¶ 157–66. To state a claim for breach of contract under New Jersey law, a plaintiff must allege facts demonstrating "(1) the existence of a valid contract; (2) that plaintiff performed under the contract; (3) the defendant's breach of the contract; and (4) damages resulting from the breach." *Liberty Mut. Fire Ins. Co. v. Reade Mfg.*

---

opposition to a motion to dismiss." *Palazzi*, 2024 WL 3361615, at *1, n.2 (quoting *Pa. ex rel. Zimmerman*, 836 F.2d at 181.

*Co.*, No. 22-003, 2023 WL 3597675, at *4 (D.N.J. May 23, 2023); *see also Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016). A plaintiff "must, at a minimum, identify the contracts and provisions breached." *Eprotec Pres., Inc. v. Eng'red Materials, Inc.*, No. 10-5097, 2011 WL 867542, at *8 (D.N.J. Mar. 9, 2011).

Here, Plaintiff does not identify any provision or obligation in a contract that Defendant allegedly breached. Instead, Plaintiff asserts various acts and omissions by Defendant and summarily concludes that they breach the Dealer Agreements and other contracts. FAC ¶¶ 157–66. "Failure to allege the specific provisions of contracts breached is grounds for dismissal." *Liberty Mut.*, 2023 WL 3597675, at *4. Therefore, Plaintiff's Fourth Count, breach of contract, is dismissed.

    **A.**    **Automobile Dealers' Day in Court Act (Count Five)**

Plaintiff alleges that Defendant violated the ADDCA by engaging or failing to engage in conduct amounting to bad faith. FAC ¶ 171. The ADDCA provides a cause of action for automobile dealers to "bring suit against any automobile manufacturer engaged in commerce . . . by reason of the failure of said automobile manufacturer . . . to act in good faith in performing or complying with any of the terms or provisions of the franchise . . . ." *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001) (citing 15 U.S.C. § 1222). The ADDCA expressly defines "good faith" as:

> the duty of each party to any franchise, and all officers, employees, or agents thereof to act in a fair and equitable manner toward each other so as to guarantee the one party freedom from coercion, intimidation, or threats of coercion or intimidation from the other party: Provided, that recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute a lack of good faith.

15 U.S.C. § 1221. "The type of coercion or intimidation rendered actionable under the ADDCA occurs only when the automobile manufacturer makes a wrongful demand which will result in

sanctions if not complied with." *Gen. Motors Corp.*, 263 F.3d at 326 (internal quotation omitted). Accordingly, to state an ADDCA claim "the dealer must show more than that the manufacturer was unfair;" there must be an actual demand made on the dealer and a threat of sanctions. *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, No. 98-112, 1999 WL 33483564, at *7 (D.N.J. Jan. 13, 1999); *see also Cutrone v. Daimler-Chrysler Motors Co., LLC*, 160 F. App'x 215, 218 (3d Cir. 2005) ("[U]nfairness [is] a far cry from the basis for a claim under the ADDCA.").

Plaintiff's FAC amends its original ADDCA claim in one respect: it adds an allegation that Defendant's "sold order" system is unlawfully coercive.[6] Plaintiff explains that Defendant prioritizes fulfilling a dealer's vehicle order if it already has a customer attached—i.e., a "sold order." FAC ¶ 70. However, Plaintiff alleges that Defendant regularly accepted "sold orders" with fictitious customer names from other dealers in the area, which allowed competitors to fraudulently receive more inventory than Plaintiff. *Id.* ¶¶ 72–78. Plaintiff contends that when confronted with the issue, Defendant denied the "violations of the 'sold order' system" and "verbally recommended that [Plaintiff] place additional 'sold orders' if it wanted to remain competitive." *Id.* ¶ 80. Plaintiff says this recommendation was implicitly an instruction "to place fraudulent or inaccurate orders in the dealer system." *Id.* ¶¶ 71–83.

Plaintiff's new allegations fail to state a claim under the ADDCA. Defendant's alleged conduct does not amount to coercion or intimidation as defined by the ADDCA and case law interpreting it. The alleged conduct is not a "wrongful demand" that would "result in sanctions if not complied with." *Cutrone*, 160 F. App'x at 218. The FAC does not allege any demand made by Defendant, only a "recommend[ation]," FAC ¶ 80, which is expressly excluded from the statute

---

[6] To the extent Plaintiff asserts the same ADDCA allegations here as in its initial complaint (ECF No. 1), Plaintiff fails to state a claim for the reasons set forth in the Court's Order and Opinion dismissing those claims (ECF No. 29).

7

as inactionable. *See* 15 U.S.C. § 1221 ("[R]ecommendation . . . shall not be deemed to constitute a lack of good faith.").

Plaintiff relies on *Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc.*, 321 F. Supp. 3d 503, 508 (M.D. Pa. 2018) for the proposition that "a dealer can state a claim for relief under the ADDCA by alleging that the manufacturer's reliance on [otherwise reasonable provisions in the franchise agreement] is . . . motivated by a pretextual, bad-faith reason." *Audi*, 321 F. Supp. 3d at 508. Plaintiff's reliance on *Audi* is misplaced. In *Audi*, the manufacturer made a demand of the dealer, and the issue was whether the demand was wrongful. *See id.* Here, as discussed above, Plaintiff does not allege any demand, and so the Court does not reach the question of wrongfulness. *Audi* also requires the plaintiff to allege that the defendant had a "pretextual, bad-faith reason" for making the demand, which Plaintiff does not do here. Accordingly, Plaintiff has not sufficiently pleaded conduct demonstrating Defendant's failure "to act in good faith in performing or complying with any of the terms or provisions of the franchise." *Id.* Therefore, Plaintiff's Fifth Count, violation of the ADDCA, is dismissed.

    **B.**    **Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Defendant has breached the covenant of good faith and fair dealing implied in the "Dealer Agreements and other agreements." To state a claim for breach of the implied covenant of good faith and fair dealing in New Jersey, a plaintiff must allege "(1) a contract exists between the parties; (2) the plaintiff performed under the terms of the contract; (3) the defendant acted in bad faith with the purpose of depriving the plaintiff of rights or benefits under the contract; and (4) the defendant's actions caused the plaintiff to sustain damages." *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 531–32 (D.N.J. 2017). "[B]ad motive is 'essential' to a claim for breach of the implied covenant of good faith and fair dealing." *Vasaturo Bros. v.*

*Alimenta Trading–USA*, No. 09–2049, 2011 WL 3022440 (D.N.J. July 22, 2011) (citing *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)).

Here, Plaintiff does not allege any motive for Defendant's actions, much less a bad faith one. Plaintiff cites to *Naik v. 7-Eleven, Inc.*, No. 13-4578, 2014 WL 3844792 (D.N.J. Aug. 5, 2014) to support its implied covenant claim. Opp. at 37. But in *Naik*, the plaintiff clearly articulated the defendant's improper motive. *See Naik*, 2014 WL 3844792 at *12 (describing plaintiff's allegations that defendant's conduct was "part of an attempt to create a hostile environment for Plaintiffs and to intimidate them into surrendering their franchises, resulting in an alleged windfall for Defendant"). The FAC contains no comparable allegations, or any allegations related to Defendant's motive. Therefore, Plaintiff's Sixth Count, breach of the implied covenant of good faith and fair dealing, is dismissed.

### C.     Declaratory Judgment

Plaintiff's Second and Third Counts seek a declaratory judgment. Declaratory relief is a remedy, not a cause of action. *Kabbaj v. Google Inc.*, 592 F. App'x 74, 75 n.2 (3d Cir. 2015). A plaintiff "may seek a declaratory judgment as a remedy in connection with one or more of its substantive claims." *Hobson v. Hartford Ins. Co. of the Midwest*, No. 21-20696, 2022 WL 4536470, at *6 (D.N.J. Sept. 28, 2022). The Court has dismissed each of Plaintiff's substantive claims, and in any event, stand alone "counts" for a declaratory judgment are improper and routinely dismissed. *See ASAH v. New Jersey Dep't of Educ.*, No. 16-3935, 2017 WL 2829648, at *12 (D.N.J. June 30, 2017). Therefore, Plaintiff's Second and Third Counts are dismissed.

### IV.     <u>CONCLUSION</u>

Accordingly, for the reasons stated above, **IT IS** on this 13th day of March, 2025,

9

**ORDERED** that Defendant's motion to dismiss (ECF No. 33) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 30) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order.  Insofar as Plaintiff submits a further amended complaint, it shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of the Court is directed to mark this case as **CLOSED**.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**