NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DECOZEN CHRYSLER JEEP CORP., <br> Plaintiff, <br> v. <br> FCA US, LLC, d/b/a STELLANTIS, <br> Defendant. | Civil Action No.: 22-0068 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendant FCA US, LLC's[1] ("FCA" or "Defendant") motion to dismiss (ECF No. 65) Count Three of plaintiff DeCozen Chrysler Jeep Corp.'s ("DeCozen" or "Plaintiff") Second Amended Complaint (ECF No. 63, "SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition (ECF No. 68), and Defendant replied (ECF No. 69). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.    BACKGROUND**[2]

Defendant sells, markets, and distributes Chrysler, Jeep, Dodge, and Ram ("CJDR") vehicles throughout the United States. SAC ¶ 10. Plaintiff operates a CJDR automotive dealership in Verona, New Jersey. *Id.* ¶ 2. The parties operate under various agreements (the "Dealer Agreements") whereby, among other things, Plaintiff agrees to sell and service CJDR vehicles and other products. *Id.* Plaintiff alleges that Defendant has violated and continues to violate the Dealer Agreements, as well as the New Jersey Franchise Practices Act ("NJFPA"), by imposing an unreasonable minimum sales responsibility ("MSR") target, failing to provide sufficient inventory, unfairly prioritizing local

---

[1] Plaintiff notes in the SAC that FCA US, LLC does at least some of its business under the name Stellantis. SAC at 1 n.1.
[2] The following facts are accepted as true for the purposes of the motion to dismiss.

competitor dealerships over Plaintiff, and other alleged misconduct. *See generally* ECF No. 63. Plaintiff also alleges that, in January 2016, it entered into an agreement with Defendant (the "2016 Agreement") by which Defendant agreed to undertake a full review of Plaintiff's trade zone, sales locality, and MSR. *Id.* ¶ 271. Plaintiff asserts that Defendant breached that agreement by failing to perform the review as set forth in the Agreement. *Id.* ¶¶ 273–78.

On November 21, 2022, the Court granted Defendant's motion to dismiss Plaintiff's original complaint without prejudice, and on March 13, 2025, the Court granted Defendant's motion to dismiss Plaintiff's first amended complaint without prejudice. ECF Nos. 29, 62. Plaintiff then filed a second amended complaint asserting violations of the NJFPA (Count One); breach of contract (Count Two); and breach of implied covenant of good faith and fair dealing (Count Three). Defendant now moves to dismiss Count Three of Plaintiff's SAC.

## II.  LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## III. DISCUSSION

In its narrowly-focused motion to dismiss, Defendant argues that Plaintiff's breach of the implied covenant of good faith and fair dealing claim (Count Three) should be dismissed because the relevant contracts—the Dealer Agreements—contain a Michigan choice-of-law provision, and Michigan law does not recognize a standalone implied covenant claim. Plaintiff does not dispute that Michigan law governs the Dealer Agreements. Rather, Plaintiff maintains that Count Three asserts an implied covenant claim under both the Dealer Agreements *and* the 2016 Agreement, the latter of which contains a New Jersey choice of law provision. Given that New Jersey law permits standalone implied covenant claims, Plaintiff contends that the claim may proceed at least as to the 2016 Agreement. Defendant disputes that Plaintiff states such a claim with respect to the 2016 Agreement and argues that the SAC's substantive implied covenant allegations pertain to the Dealer Agreements only.

The Court agrees that the Dealer Agreements are governed by Michigan law, and that Michigan law does not recognize a standalone claim for breach of the implied covenant. *See Gardner v. Flagstar Bank, FSB*, No. 24-1436, 2025 WL 1721191, at *7 (6th Cir. June 20, 2025) (quoting *Kircher v. Boyne USA, Inc.*, No. 166459, 2025 WL 938147, at *3 (Mich. Mar. 27, 2025)) ("In Michigan, 'there is no independent cause of action for breach of the implied covenant of good faith and fair dealing.'"); ECF No. 68 at 1 ("FCA correctly notes Michigan law governs the original dealer agreement(s) between the parties[.]"). So, Plaintiff cannot state an implied covenant claim under the Dealer Agreements. The only issue before the Court, therefore, is whether the SAC substantively pleads an implied covenant claim as to the 2016 Agreement.

To state a claim for breach of the implied covenant of good faith and fair dealing in New Jersey, a plaintiff must allege "(1) a contract exists between the parties; (2) the plaintiff performed

3

under the terms of the contract; (3) the defendant acted in bad faith with the purpose of depriving the plaintiff of rights or benefits under the contract; and (4) the defendant's actions caused the plaintiff to sustain damages." *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 531–32 (D.N.J. 2017). "An implied covenant cause of action is independent from the action for breach of contract." *Valcom, Inc. v. Vellardita*, No. 13-3025, 2014 WL 2965708, at *8 (D.N.J. July 1, 2014); *see also Wade v. Kessler Inst.*, 798 A.2d 1251, 1259 (N.J. 2002) ("A breach of the implied covenant of good faith and fair dealing differs from a 'literal violation of a contract.'").

Plaintiff's implied covenant claim fails because he asserts only a "literal violation" of the 2016 Agreement. Allegations pertaining to the 2016 Agreement comprise only a small portion of the SAC, and are found under the heading "SECOND COUNT (Breach of Contract)." SAC ¶¶ 271–82. In that section, Plaintiff alleges that the 2016 Agreement required Defendant to undertake a review of Plaintiff's "Trade Zone, Sales Locality, and MSR." SAC ¶ 271. Plaintiff asserts that Defendant "failed to meet its obligations under the . . . 2016 agreement" because Defendant never reviewed Plaintiff's "Trade Zone, Sales Locality, and MSR.," in violation of Section Three of the 2016 Agreement. *Id.* ¶¶ 274–78. In other words, Plaintiff alleges a "literal violation of a contract," *Wade*, 798 A.2d at 1259, which supports a breach of contract claim, not an implied covenant claim. *See Cedar Holdings, LLC v. Menaseh*, No. 16-7152, 2017 WL 1349321, at *3 ("Plaintiffs allege that Defendants breached the literal terms of the Letter of Intent. Thus, its breach of the implied covenant claim is duplicative of the breach of contract claim and will be dismissed.").

Nowhere else in the SAC does Plaintiff allege specific acts by Defendant that were "in bad faith with the purpose of depriving the plaintiff of rights or benefits under the [2016 Agreement]" beyond literal violations of the contract. *Luongo*, 261 F. Supp. 3d 531–32. Nor does Plaintiff identify any such allegations in its opposition brief. Instead, Plaintiff points to the following

4

allegations, and concludes that they amount to an implied covenant claim with respect to the 2016 Agreement:

1. "The Dealer Agreements, and other agreements, set forth the rights and obligations of the parties." SAC ¶ 285 (alleged under Count Three, Breach of the Implied Covenant of Good Faith and Fair Dealing).
2. "Implied in the agreements between [FCA] and DeCozen are the obligations to act in good faith and to deal fairly." *Id.* ¶ 286.
3. "[FCA] has breached the implied duties of good faith and fair dealing." *Id.* ¶ 290.

But these statements are merely conclusory assertions of breach of the implied covenant of good faith and fair dealing. Given that "conclusory assertions are insufficient at the pleading stage," *Children's Health Def., Inc. v. Rutgers, State Univ. of N.J.*, 93 F.4th 66, 85 (3d Cir. 2024), and a "complaint alleging a breach of an implied covenant must allege more than a simple breach of the terms of the contract," *Atl. Subsea, Inc. v. N. Divers USA*, Inc., No. 23-198, 2024 WL 3549059, at *5 (D.N.J. July 26, 2024), Plaintiff fails to state an implied covenant claim with respect to the 2016 Agreement. Therefore, Plaintiff's implied covenant claim (Count Three) is dismissed.

### IV. CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 19th day of November, 2025;

**ORDERED** that Defendant's motion to dismiss (ECF No. 65) is **GRANTED**; and it is further

**ORDERED** that Count Three of Plaintiff's SAC (ECF No. 63) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff shall have twenty-one (21) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order. Insofar as Plaintiff submits a further amended complaint, it shall also provide a form

5

of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

    **SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
